IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LISA MURPHY                                                                                                     PLAINTIFF

v.                                              No. 6:15-CV-06001

SHERIFF CHAD LEDBETTER;
OFFICER AMY MARTIN; OFFICER
BRYAN OREL; JAIL ADMINISTRATOR
GEORGE WRITE; and JOSH LING                                                                  DEFENDANTS

**OPINION AND ORDER**

Plaintiff Lisa Murphy filed this case pro se pursuant to 42 U.S.C. § 1983 on January 6, 2015. (Doc. 1). This matter is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I.     BACKGROUND**

Plaintiff filed her complaint on January 6, 2015. (Doc. 1). She filed an amended complaint on January 27, 2015. (Doc. 7). In both complaints Plaintiff failed to provide any details of her claim, instead writing "see attached." There were no attachments. On March 16, 2015, the Court entered an order directing Plaintiff to file the supporting documents referenced in her complaint. (Doc. 11). On April 20, 2015, Plaintiff filed a motion to dismiss her case until her appeal in case number 6:11-cv-06091 was decided by the Eighth Circuit. (Doc. 12). The Court entered an order to stay her case on July 29, 2015. (Doc. 13).

On August 4, 2015, Plaintiff filed a motion to reopen this case. (Doc. 14). This motion was granted on October 27, 2015. (Doc. 15). Plaintiff filed her supplement on November 6, 2015.

1

(Doc. 16). The supplement filed was the complaint from her prior case number 6:11-cv-06091. Plaintiff drew a line through the case number and wrote in the case number for this case.

In case number 6:11-cv-06091 Plaintiff raised a number of claims, including one for sexual assault and harassment while incarcerated in the Hot Springs County Detention Center in May of 2011. Her sexual assault and harassment claim was dismissed for failure to exhaust administrative remedies because she had not filed any grievances concerning the event. This claim was dismissed without prejudice. Plaintiff's other claims in the case were dismissed with prejudice. The dismissals were affirmed by the Eighth Circuit on July 6, 2015. *Murphy v. Ledbetter*, 608 Fed. App'x 440 (8th Cir. 2015). In her motion to reopen this case, Plaintiff alleged she has "since filed and sent her grievance to each and every defendant listed in her case." (Doc. 14, p. 1).

On February 26, 2016 the Court entered an order directing Plaintiff to complete an addendum. In the addendum, Plaintiff was directed to provide evidence of her completed grievances regarding the alleged May 2011 sexual assault and harassment claim. In response, Plaintiff attached an affidavit dated September 23, 2014, which she states is the form she used as her grievance. The affidavit states "[t]hat she has filed a civil action on a number of employees. . . for sexual assault and harassment." (Doc. 21, p. 5). Plaintiff filed this same affidavit in her Eighth Circuit appeal in the 6:11-cv-6091 case.

## II.   APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state

a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

### III.   DISCUSSION

Plaintiff's sexual assault and harassment claim for events alleged to have occurred in May, 2011 is barred by the doctrine of res judicata, her failure to exhaust administrative remedies, and the statute of limitations.

It is well-settled that a court may dismiss a case sua sponte based upon the doctrine of res judicata:

> if a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte,* even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.

*Arizona v. California,* 530 U.S. 392, 412 (2000) *supplemented*, 531 U.S. 1 (2000) (quoting *United States v. Sioux Nation,* 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting) (citations omitted); *see also Hanig v. City of Winner, S.D.*, 527 F.3d 674, 676 (8th Cir. 2008) ("When the second action seeks redress for the same wrong, res judicata bars relitigation of a claim or an issue 'actually litigated or which could have been properly raised and determined in a prior action.'")

Here, Plaintiff is trying to file her 2011 case for the second time by literally filing the same documents, complete with the original file-stamps.  Plaintiff's 2011 case was dismissed at summary judgment. With the exception of the sexual assault and harassment claim, her 2011 claims were dismissed with prejudice.  Plaintiff appealed the dismissal to the Eighth Circuit, where the case dismissal was affirmed.

The Court in this case permitted Plaintiff the opportunity to provide evidence that she had actually exhausted her administrative grievances as to the sexual assault and harassment in the form of an addendum.  Plaintiff had no new evidence. Instead, she submitted a 2014 affidavit as her "grievance."  This affidavit had been filed in the appeal for her 2011 case.  The affidavit specifically stated she had already filed a civil lawsuit for the sexual assault and harassment claims.  Therefore, the affidavit cannot constitute evidence of an exhausted grievance because it was created after she filed her § 1983 lawsuit.  *See* Section 1997e(a) of the PLRA, which provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S. C. § 1997e(a).

Even if Plaintiff had provided a copy of a valid exhausted grievance, her claim would now be time-barred. The accrual date of a § 1983 cause of action is controlled by federal law.  *Wallace v. Kato*, 549 U.S. 384 (2007).  Accrual generally occurs when the Plaintiff has "a complete and present cause of action." *Id.* at 388. This is met when "the Plaintiff can file suit and obtain relief." *Id*.  The statute of limitations for § 1983 claims is the state statute of limitations for personal injury actions. *Morton v. City of Little Rock*, 934 F. 2d 180, 183 (1991) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985).   In Arkansas, this period is three years. *Id.* (referencing Ark. Code Ann. § 16-56-105.)  Any possible equitable tolling is also controlled by state law, unless that law is inconsistent with the policies behind § 1983.  *Board of Regents of University of State of N.Y. v. Tomanio*, 446 U.S. 478 (1980); *Hughes v. Sheriff of Fall River County Jail*, 814 F.2d 532 (8th Cir. 1987).

Arkansas does not provide for tolling of the statute of limitations while an inmate pursues state or other remedies. *See* Ark. Code. Ann. § 16-56-126 (tolling provided for cases of nonsuit or

4

reversal of judgment); § 16-56-116 (tolling provided for individuals who are minors or insane at the time of accrual); § 16-56-120 (tolling provided for improper acts of a party which prevent commencement of action); § 16-56-121 (tolling provided for absconding debtors); § 16-56-125 (tolling provided for unknown tortfeasors).  The failure to provide for tolling during the pendency of related but independent state actions does not render the state's tolling rules inconsistent with § 1983. *Board of Regents of University of State of N.Y. v. Tomanio*, 446 U.S. at 478.

Even when the Court gives Plaintiff the benefit of the doubt and considers the accrual date as the filing date for her prior case, Plaintiff's claim is time-barred.  She filed her prior case on December 14, 2011.  She therefore had until December 14, 2014 to file another claim for the alleged May 2011 sexual assault and harassment.  She filed this case on January 6, 2015.  Because her claim was filed after the statute of limitations had passed, her claim is time-barred. Nor is Plaintiff eligible for equitable tolling pursuant to Ark. Code. Ann. § 16-56-126.  Plaintiff pursued an appeal for her case 6:11-cv-6091 in the Eighth Circuit, which affirmed the dismissal of her case.

For these reasons, Plaintiff's Complaint will be DISMISSED WITH PREJUDICE.

Judgment will be entered accordingly.

IT IS SO ORDERED this 1st day of July, 2016.

/s/ P. K. Holmes, III
HON. P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE